```
                                  minimum mandatory  no
                                              5K1.1  no
                                              35(b) no
                                          Forfeiture   no
                         Other (Waiver of Indictment)  yes
                     Other (Waiver of Stat of Limitations  yes
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA          )
                                  )   CR 304-25
        v.                        )
                                  )
GRIFFIN INDUSTRIES, INC., ET AL.  )
                                  )

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION
FILED IN OFFICE
NOV 22 2004
_Scott Poff_
Deputy Clerk

---

### PLEA AGREEMENT - AS TO GRIFFIN INDUSTRIES, INC

**DEFENSE COUNSEL:**              ANTHONY L. COCHRAN, ESQ.

**ASSISTANT U.S. ATTORNEYS:**     JEFFREY J. BUERSTATTE
                                  JAMES D. DURHAM

**SPECIAL ASSISTANT U.S. ATTORNEY:**  TERESA MANN


**STATUTE CHARGED:**

   33 U.S.C. § 1319(c)(1)(A)
   Discharge of Pollutant into Water of U.S.


**CHARGE PLEADING TO:**

   33 U.S.C. § 1319(c)(1)(A)
   Discharge of Pollutant into Water of U.S.


**PENALTIES:**

   33 U.S.C. § 1319(c)(1)(A)
   Discharge of Pollutant into Water of U.S.
        Not more than five (5) years probation.
        A fine of not more than $50,000.
        Special assessment of $125

4.

## ELEMENTS OF THE OFFENSE:

33 U.S.C. § 1319(c)(1)(A)
Discharge of Pollutant into Water of U.S.

| | |
|---|---|
| **First:** | That on or about the date set forth in the information, |
| **Second:** | the defendant negligently discharged |
| **Third:** | a pollutant |
| **Fourth:** | from a point source |
| **Fifth:** | into a water of the United States; |
| **Sixth:** | That each essential element of the crime charged against the defendant was committed by one or more of its agents; and |
| **Seventh:** | That the defendant is a responsible corporate entity for the negligent acts of its employees. |

##############################################################

Joseph D. Newman, Jeffrey J. Buerstatte and James D. Durham, Assistant United States Attorneys, Teresa Mann, Special Assistant United States Attorney, and Anthony L. Cochran, Esq., attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in Indictment number CR 303-020 and in the Information referenced herein, and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S OBLIGATIONS

1.   Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Information, the attorneys for the government will do the following:

a.   The government will move for dismissal of Third Superseding Indictment No. 303-020 and agrees not to prosecute any additional charges against Griffin Industries or any of its current or former directors, officers, agents or employees based on

2

any facts or circumstances known to the government as of the date of this Agreement.

      b.      The Government recommends to the Georgia Environmental Protection Division (EPD) and the Georgia Department of Agriculture that any permits presently in force at defendant's East Dublin facility not be revoked or suspended on the basis of any charges or acts alleged in the Information referenced herein or in Superseding Indictment No. 303-20.

    2.      The government agrees that restitution is not warranted under the Federal Sentencing Guidelines §8B1.1 and recommends that probation to secure payment of restitution under Federal Sentencing Guidelines §§ 8D1.1(a)(2) and 8D1.4(b) is inapplicable.

    3.      The government agrees that, since Griffin Industries agrees to pay a fine of Fifty Thousand Dollars ($50,000) in full at sentencing, Federal Sentencing Guidelines §§ 8D1.1(a)(2) and 8D1.4(b) is inapplicable.

    4.      The government agrees not to issue a press release or to hold a press conference.  The government recommends that no publication is warranted under Federal Sentencing Guidelines § 8D1.4(a).

    5.      The government agrees that there is no need for a remedial order concerning Bay Branch Creek under Federal Sentencing Guidelines § 8B1.2.

    6.      The government agrees that there is no need for community service to repair any harm under Federal Sentencing Guidelines § 8B1.2.

    7.      The government agrees that there is no need for disgorgement under Federal Sentencing Guidelines §8C2.9.

    8.      The government agrees to take no position on the duration of the probationary term.

    9.      The government reserves the right to inform the Court and the U. S. Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and its background, and to respond to any questions from the

3

Court and the Probation Office and to any misstatements of fact or law. The government will inform the defendant and defense counsel of all information provided to the probation office at the time it is provided to that office.

## DEFENDANT'S OBLIGATIONS

The defendant agrees:

10.     To plead guilty to Count 1 of the Information

11.     To waive indictment as to the offense charged in the Information.

12.     To waive any claim as to the statute of limitations relating to the offense charged in the Information.

13.     That for a period of at least twelve (12) months (but not to exceed the length of probation, if any) to continue to utilize the services of Rindt-McDuff Associates, Inc. 334 Cherokee Street, Marietta, Georgia 30060 concerning wastewater disposal.

14.     To continue to implement and comply with the Design Development Report, Plan of Operation and Management, and Groundwater Monitoring Plan approved by Georgia EPD on June 22, 2004. Defendant also voluntarily agrees to continue to implement and enforce its existing program to prevent and detect any violations of the Clean Water Act

15.     To continue to provide sufficient financial support to comply with the previous two paragraphs of this Agreement.

16.     To pay a fine of Fifty Thousand Dollars ($50,000) in full at the date of sentencing.

17.     To return to the government any investigative materials received, by it or any of its current or former agents, from the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

18.     If the defendant has failed or should fail in any way to fulfill completely its obligations under this agreement then the government will be released from its commitment

4

to honor all of its obligations to defendant. Thus, if the defendant should fail to fulfill its
obligation under this agreement, the government will be free to prosecute the defendant for
all violations of federal criminal law which it has committed, and to recommend a maximum
sentence. The parties agree to submit to the court, to be decided by a preponderance of
the evidence standard. the question of whether defendant has breached this Agreement.
The parties also agree that a Notice of Violation issued against Griffin Industries or any of
its agents by a state or federal regulatory agency shall not be deemed, by itself, a violation
of this Agreement

## REPRESENTATIONS OF THE DEFENDANT MADE TO THE COURT

19.     The defendant, before entering a plea of guilty to Count 1 of the Information
provided for herein by said Plea Agreement, advises the Court that.

a.     The discussions between the attorneys for the government and the
attorneys for the defendant towards reaching an agreed plea in this case have taken place
with the defendant's authorization and consent.

b.     The defendant understands the nature of the charge to which the plea
to Count 1 of the Information is offered, that is that the defendant did commit an offense
against the United States, that is to say, a violation of Title 33, United States Code, Section
1319(c)(1)(A)

### Factual Basis

c     The defendant further understands that the nature of the charge to
which the plea is offered involves proof as to Count 1 of the Information, as follows:

That on December 31, 1998, and January 1, 1999, in Laurens County, within
the Southern District of Georgia, **Griffin Industries, Inc.**, negligently allowed a pollutant to
be discharged from a point source into waters of the United States by permitting Number 6
burner fuel to discharge through Griffin Industries' South Storm Water Outfall into Bay
Branch Creek, a water of the United States, without a National Pollutant Discharge

5

Elimination System (NPDES) Permit to discharge pollutants; done in violation of Title 33, United States Code, Section 1319(c)(1)(A).

        d.     The defendant understands that defendant has a right to be represented by an attorney at every stage of the proceedings against defendant herein and is represented by the defendant's undersigned attorney

        e     The defendant understands that defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against defendant, and the right to call witnesses in defendant's own behalf, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

        f     The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorneys for the government and the attorneys for the defendant, all conducted with the defendant's authorization, knowledge and consent

        g.     The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document

        h.     The defendant further advises the Court that it is understood that the Court is not a party to this agreement and that the government can only make recommendations which are not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no absolute right to withdraw the plea  Thus, the Court is free to impose any sentence authorized by statute for each count including a maximum probationary term of five (5) years, a maximum $50,000 fine  and a $125 special assessment.

6

## The defendant also understands that the provisions of the Federal Sentencing Guidelines apply and control the sentence in this case.

i.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in Count 1 of the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged in Count 1 of the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by an agent for the defendant under oath on the court record, and in the presence of counsel.

j.      The defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court. The U. S. Probation Office will consider defendant's conduct relevant to the acts committed by the defendant, including the offense to which defendant is pleading. The offense level and criminal history category determined by the U. S. Probation Office and the Court may differ from that projected by defendant's counsel or attorneys for the government. In the event the Court determines defendant's offense level or criminal history category to be higher than defendant anticipated, defendant will nonetheless have no absolute right to withdraw defendant's plea.

20.     In addition to the foregoing provisions to which defendant agrees, defendant's agent agrees that there is a factual basis for its plea and that defendant's attorney has acted competently and in the defendant's best interests during his representation of defendant. The defendant understands that in entering a plea of guilty, the Court may ask questions about the offense to which the plea is entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that

7

the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statements if those answers are not truthful.

21.    The undersigned attorneys for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended.   The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein, of the maximum possible penalty provided by law, that by the entering of a plea of guilty, as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against defendant, and that if the defendant pleads guilty, there will not be a further trial of any kind.

This **17th** day of November, 2004.

                                        LISA GODBEY WOOD
                                        UNITED STATES ATTORNEY

                                        Joseph D. Newman
                                        Assistant United States Attorney

                                        Jeffrey J. Buerstatte
                                        Assistant United States Attorney

                                        James D. Durham
                                        Assistant United States Attorney

                                        Teresa Mann
                                        Special Assistant U.S. Attorney

Anthony L. Cochran, Esq.
Attorney for the Defendant

8

I have read the foregoing Plea Agreement, consisting of 8 pages, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

Robert A. Griffin
For Defendant

NOV 16- 2004
Date

9